UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA VARGA,

    Plaintiff,

v.                                                                   Case No. 10-C-0454

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration,

    Defendant.

**ORDER**

Presently before the Court are Plaintiff Melissa Varga's motions for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff received a favorable decision from this Court remanding the Social Security Administration's ("SSA") denial of disability benefits. She then moved for an award of fees and costs in the amount of $7,455.85 (Dkt. 18.) and an additional $869.86 for her reply brief in support of the initial motion for fees. (Dkt. 23.) Plaintiff's motions for attorney's fees will be granted for the reasons set forth herein.

**BACKGROUND**

Plaintiff originally filed an application for Disability Insurance Benefits ("DIB") effective June 28, 2006, alleging that she became disabled on December 2, 2005 (Tr. 12, 83-88), due to symptoms associated with endometriosis, three surgeries, and hormone problems (Tr. 99). Her

application was denied initially and upon reconsideration (Tr. 44-45). Following a hearing, Administrative Law Judge ("ALJ") Mary Everstine issued a decision in which she found that Plaintiff was not disabled under the Social Security Act because she was able to perform a significant number of jobs in the national economy (Tr. 12-20). On March 9, 2010, the Appeals Council denied review of the ALJ's decision (Tr. 1-4), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff then filed a civil action, pursuant to 42 U.S.C. § 405(g), for review of the Agency's decision.

On February 2, 2011 this Court remanded the decision of the Commissioner for further proceedings. (Decision and Order, Dkt. 16.) This Court concluded that the ALJ had ignored Dr. O'Connell's opinion, misread Dr. Hayes' opinion – both of who were treating physicians – and failed to properly consider the VA determination of disability and the evidence supporting it.

**LEGAL STANDARD**

The EAJA provides that a district court may award attorneys' fees where: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir.2003). Only the second prong is at issue here.

In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and his legal theory. *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988);

*Conrad v. Barnhart,* 434 F.3d 987, 990 (7th Cir.2006); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir.2004). The Commissioner bears the burden of proving that his position was substantially justified. *See Golembiewski,* 382 F.3d at 724.

**ANALYSIS**

One of Plaintiff's treating physicians, Dr. O'Connell, opined in an August 16, 2006 letter that "[f]rom a medical standpoint, [Plaintiff] is not able to function in her current position and cannot be gainfully employed for an indefinite period of time." (Tr. 219.) This Court concluded that the ALJ had ignored Dr. O'Connell's opinion. (Decision and Order, Dkt. 16 at 18.) Had the ALJ at least acknowledged Dr. O'Connell's opinion she could have rejected it based on other medical evidence of record. By ignoring this evidence, however, the Commissioner failed state the treating physician's opinion and set forth the analysis required under 20 C.F.R. § 1527(d). As such the Commissioner's position was unjustified. *See Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir.2004); *see also Henderson v. Barnhart,* 257 F. Supp.2d 1163, 1168 (E.D. Wis. 2002) (awarding fees where ALJ failed to consider report of treating physician).

Plaintiff argues that the Commissioner's position on another treating physician, Dr. Hayes, was substantially unjustified. But the ALJ did not ignore Dr. Hayes' opinion; he misread it. The ALJ read Dr. Hayes August 2006 letter to say that work stress only prevents Plaintiff from performing "her most recent job." (Tr. 17.) In fact, however, Dr. Hayes made clear in his letter that he was saying she could not work "in any work setting." It is apparent from the letter that he was attempting to dispel the notion that she might be able to work "in some environment." (Tr. 220.) Standing alone the ALJ's mis-read of Dr. Hayes' letter would not render the Commissioner's

3

position unjustified. "Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied . . . if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir.1992) (citing *Pierce v. Underwood,* 487 U.S. 552, 562 (1988)). Even where an ALJ's opinion offers only a "cursory and inadequate" analysis of an important point, that shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion. *See United States v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378, 387 (7th Cir.2010).

Here, however, there is more than one shortcoming in the Commissioner's position. In addition to ignoring Dr. O'Connell's opinion, the ALJ failed to afford at least some weight to the Department of Veterans Affairs medical determination. *See Davel v. Sullivan,* 902 F.2d 559, 560-61 n. 1 (7th Cir.1990) (noting that the ALJ should afford "some weight" to a VA determination). Two different VA psychologists conducted evaluations of Plaintiff and found that she suffered from depression or related impairments. They opined Plaintiff was 70% disabled due to major depression. Though the ALJ acknowledged the VA's determination she rejected it simply because the VA standard for disability is different. But the ALJ failed to indicate what that difference is and how it affects the analysis in this case. Her failure to do so renders the Commissioner's position substantially unjustified especially when combined with the fact that she ignored a treating physician's opinion.

## CONCLUSION

The Commissioner's position was substantially unjustified because the ALJ ignored Dr. O'Connell's opinion and failed to afford at least some weight to the VA's determination of

Plaintiff's disability. Accordingly Plaintiff's motions for attorney's fees (Dkts. 18 and 23) are **granted.**

**SO ORDERED** this ___1st___ day of June, 2011.

                                                            s/ William C. Griesbach
                                                            William C. Griesbach
                                                            United States District Judge